IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,606-01






EX PARTE JOHN MATTHEW SWEATMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 09301 IN THE 90TH DISTRICT COURT


FROM YOUNG COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
driving while intoxicated, and was sentenced to sixteen years' imprisonment. The Second Court of
Appeals affirmed his conviction. Sweatman v. State, No. 02-10-00309-CR (Tex. App. - Fort Worth,
April 21, 2011, pet. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to review the evidence with Applicant prior to trial, advised him that they could "beat" the
deadly weapon allegation, but then failed to challenge the deadly weapon evidence at trial, failed to
object to evidence of extraneous bad acts, failed to call character witnesses who were present and
willing to testify on Applicant's behalf, and failed to seek recusal of the trial judge. Applicant also
alleges that his first attorney, who was replaced before trial, erroneously informed the prosecutor that
Applicant had been held for a long period of time without an indictment being returned. By doing
so, Applicant alleges that counsel forfeited Applicant's right to seek dismissal of the charges under
Article 32.01 of the Texas Code of Criminal Procedure.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order both of Applicant's trial attorneys to respond to Applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: December 19, 2012

Do not publish